1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STEVEN J. EYRE, CB# 119714
3550 WILSHIRE BOULEVARD, SUITE 420
LOS ANGELES, CALIFORNIA  90010
(213) 814-4416
fax (213) 985-2159
stevenjeyre@gmail.com

Attorney for plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUSTIN RAMIREZ, ANTHONY RAMIREZ, AGUSTIN RAMIREZ, JR.,<br><br>                    Plaintiffs,<br><br>          -vs.-<br><br>VICENTE MARTINEZ, ANGEL JUAREZ, JUAN MANUEL NAVARRO, DOES 1-10,<br><br>                    Defendants. | **No.**<br><br>**COMPLAINT FOR:**<br><br>1. **UNFAIR COMPETITION;**<br>2. **COMMERCIAL DISPARAGEMENT;**<br>3. **FEDERAL TRADEMARK COUNTERFEITING AND COPYING;**<br>4. **STATE TRADEMARK INFRINGEMENT;**<br>5. **UNFAIR COMPETITION UNDER CAL. BUS. AND PROF. CODE §§ 17200 *et seq.*;**<br>6. **FALSE ADVERTISING UNDER CAL. BUS. AND PROF. CODE §§17500 *et seq.*;**<br>7. **INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE;**<br>8. **ACCOUNTING;**<br>9. **TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiffs Agustin Ramirez, Anthony Ramirez and Agustin Ramirez, Jr. bring this action against defendants Vicente Martinez, Angel Juarez and Juan Manuel Navarro for (1) unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 et seq.; (2) commercial disparagement under the Lanham Act, (3) federal trademark counterfeiting and copying under the Lanham Act; (4) trademark infringement under California common law; (5) unfair competition under California Business and Professions Code § 17200 *et seq.*; (6) false advertising under California Business and Professions Code § 17500 *et seq.*; (7) interference with prospective business advantage under California common law; (8) accounting; and (9) temporary, preliminary and permanent injunctive relief, as hereinafter alleged.   Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.      These claims arise under the laws of the United States, particularly under the federal Lanham Act, as amended, 15 U.S.C. § 1051 *et seq.*, and under California statutory and common law, including Cal. Bus. & Prof. Code §§ 17200 *et seq*. and Cal. Bus. & Prof. Code §§ 17500 *et seq.*  This Court has original jurisdiction over the subject matter of the Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1138(a), and pendent jurisdiction over the state unfair competition and associated claims under 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the trademark laws of the United States and are so related to the federal claims that they form part of the same case or controversy and arise from a common nucleus of operative facts.

2.      This Court has specific personal jurisdiction over each of the defendants as each resides in this judicial district or has purposefully committed, within the state, the acts from which these claims arise and/or has committed tortious acts outside California, knowing and intending that such acts would cause injury within the state.

3.      Venue is proper in the United States District Court for the Central

District pursuant to 28 U.S. C. §§ 1391(b) and 1391(c) in that defendants reside in this District, transact affairs in this District and/or that a substantial part of the events or omissions giving rise to the claims herein occurred within this District.

## THE PARTIES

4.       Plaintiffs Agustin Ramirez, Anthony Ramirez and Agustin Ramirez, Jr. are residents of the city of Fontana, San Bernardino County, California.

5.       Defendant Vicente Martinez is a resident of the city of Fontana, San Bernardino County, California.

6.       Defendant Angel Juarez is a resident of the city of Azusa, Los Angeles County, California.

7.       Defendant Juan Manuel Navarro maintains a business address in the city of Montebello, California.  Plaintiffs are informed and believe that defendant Juan Manuel Navarro is a resident of Montebello, Los Angeles County, California.

8.       The true names and capacities, whether individual, corporate or otherwise, of the defendants named herein as Does 1 through 10 are presently unknown to plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will seek to amend this complaint to allege the true names and capacities of said defendants when plaintiffs have ascertained such information.  Plaintiffs are informed and believe that each defendant named herein as a Doe defendant has participated in some or all of the acts or conduct alleged in this Complaint and is liable to Plaintiffs by reason thereof.

## GENERAL ALLEGATIONS

9.       In the late 1970's, plaintiff Agustin Ramirez founded the musical group "Los Caminantes Aztecas" ("The Aztec Walkers") in the city of Bloomington, California together with other individuals, including three of his brothers.  In or about 1982, the name of the group was shortened to "Los Caminantes" ("The Walkers").

10.       Over the 30-plus year history of the musical group "Los Caminantes," plaintiff Agustin Ramirez has been the lead singer and spokesman of

the group.

11.     Of the musicians who were partners in the musical group at the time of its formation or during the course of its history, by 2011 plaintiff Agustin Ramirez alone remained as the sole member/owner of the group and the only individual to continuously use the "Caminantes" trade name and mark in connection with goods, namely phonorecords, and live entertainment services of the musical group from the time of the group's inception.

12.     Over the course of its history, the musical group "Los Caminantes" headed by plaintiff Agustin Ramirez has recorded over 30 albums, featuring plaintiff Agustin Ramirez as lead vocalist on the group's recordings.  During the same period, the musical group "Los Caminantes" has toured extensively throughout the United States and Mexico, performing in dances, concerts and massive outdoor events as well as on televised programs.  The group became wildly popular for its "*grupero*" musical style within the Regional Mexican musical genre.  Over the course of its history, the group has appeared on numerous television shows aimed at the Spanish-speaking audience of the United States, Mexico and the Americas.

13.     In October 2012, plaintiff Agustin Ramirez transferred the "Los Caminantes" mark and the goodwill of the business with which the mark is associated to himself and his sons, Anthony Ramirez and Agustin Ramirez, Jr.

14.     Plaintiffs are the joint owners of the federal registration of the service mark LOS CAMINANTES with the United States Patent and Trademark Office ("USPTO") in international class 41 for entertainment services in the nature of live performances by a musical group, Reg. No. 4,410,019.

## **PLAINTIFF AGUSTIN RAMIREZ**

15.     Plaintiff Agustin Ramirez has always maintained an iconic image as front man and lead singer of "Los Caminantes," with long flowing locks, a mustache and a robust frame, meaning that he is immediately identifiable to the members of the public and the fan base of "Los Caminantes" as the image of the group "Los

Caminantes."

16.     As plaintiffs show below, part of defendants' usurpation of plaintiff's "Los Caminantes" name and image includes defendant Vicente Martinez's misleading adoption of plaintiff Agustin Ramirez's appearance and style in the photographs and images used to market the services of defendants' musical group.

## DEFENDANT VICENTE MARTINEZ

17.     In October 2013, former musicians of plaintiffs' musical group started their own musical group.  The upstart group recruited defendant Vicente Martinez to perform with them and appear in their advertising due to Martinez's resemblance to plaintiff Agustin Ramirez.  Those former musicians used plaintiffs' "Caminantes" name and defendant Vicente Martinez's image to unfairly compete with plaintiffs' musical group.

18.     Plaintiffs sued, and this court issued a temporary restraining order and preliminary injunction in 2014 against the former musicians in a case entitled *Ramirez v. Sotelo*, United States District Court, Central District of California, case no. 5:13-cv-02155-SJO-MRW.  In 2016, the former musicians stipulated to permanent injunctive relief in plaintiffs' favor which prohibited the former musicians from using the "Los Caminantes" name.  The default of defendant Vicente Martinez was entered in the *Ramirez v. Sotelo* action, but he was not part of the stipulation for permanent injunctive relief.  Plaintiffs learned through discovery that defendant Vicente Martinez stopped performing with the other defendants in the *Ramirez v. Sotelo* action at the time the court first issued its temporary restraining order.

19.     The group in which defendant Vicente Martinez has recently been featured as lead singer in print/internet advertising has been using the "Caminantes" name belonging to plaintiffs, styling itself alternately as "Los Internacionales Caminantes" ("The International Caminantes"), "Los Internacionales Caminantes de Guanajuato para el Mundo" ("The International Caminantes from Guanajuato for the World") and most recently as "Los Internacionales Caminantes de Brigido Ramirez"

("The International Caminantes of Brigido Ramirez"), a reference to Brigido Ramirez, the deceased brother of plaintiff Agustin Ramirez and former member of plaintiffs' musical group.

20.     In summary, defendant Vicente Martinez was never a member of plaintiff Agustin Ramirez's musical group "Los Caminantes" and has never had any right to own or use the "Los Caminantes" name.  Further, defendant Vicente Martinez's actions in imitating the appearance of plaintiff Agustin Ramirez to defraud members of the public and fans of "Los Caminantes" demonstrate the bad faith and fraudulent motives that underlie the actions of defendants in this action.

## DEFENDANT ANGEL JUAREZ

21.     Defendant Angel Juarez has known plaintiff Agustin Ramirez and the musical group "Los Caminantes" since the 1980s, when defendant Angel Juarez was an employee of the record company to which plaintiffs were then signed.

22.     In a Los Angeles Superior Court lawsuit filed against plaintiff Agustin Ramirez, defendant Angel Juarez claimed to be plaintiff Agustin Ramirez's former manager to whom a six-figure sum was owed.  The lawsuit was dismissed on demurrer, and Juarez lost his appeal of that decision.

23.     Plaintiffs are informed and believe, based upon testimony obtained in the *Ramirez v. Sotelo* federal action, referenced above, that defendant Angel Juarez came up with the idea of passing defendant Vicente Martinez off as plaintiff Agustin Ramirez in ads for the performances of the group started by former musicians of plaintiffs' group using the "Caminantes" name not long after defendant Angel Juarez lost his appeal of the Superior Court action.  Numerous ads produced in the *Ramirez v. Sotelo* action bore out the claim that defendant Vicente Martinez' image was used to imitate plaintiff Agustin Ramirez's appearance when the former musicians' group were usurping plaintiffs' "Los Caminantes" name.

24.     Plaintiffs are further informed and believe, and based upon such information and belief allege, that defendant Angel Juarez has been booking the

musical group that includes defendant Martinez alternately as "Los Internacionales Caminantes" ("The International Caminantes"), "Los Internacionales Caminantes de Guanajuato para el Mundo" ("The International Caminantes from Guanajuato for the World") and most recently as "Los Internacionales Caminantes de Brigido Ramirez" ("The International Caminantes of Brigido Ramirez"), in each instance using plaintiff's "Caminantes" name and defendant Vicente Martinez's image in advertisements for defendants' musical group.

25.     Plaintiffs are informed and believe, and based on such information and belief allege, that defendant Angel Juarez is booking the musical group that includes defendant Vicente Martinez in numerous venues, thus depriving plaintiffs of income from their own performances but more critically causing harm to plaintiffs' image and particularly the image of plaintiff Agustin Ramirez by pulling a "bait-and-switch" on members of the public and the fans of plaintiffs' group.

26.     As a former manager of plaintiff Agustin Ramirez's group, defendant Angel Juarez must know that his actions have caused harm and will continue to cause harm to plaintiffs' group unless enjoined.

## DEFENDANT JUAN MANUEL NAVARRO

27.     Defendant Juan Manuel Navarro aka Juan Navarro is a promoter based in Southern California who uses the fictitious business name Carrera Promotions.

28.     Defendant Navarro has been sued multiple times for aiding and abetting the infringement of the marks of musical groups in the Regional Mexican musical genre, resulting in permanent injunctions against him in at least two cases, i.e. *Gomez v. Mejia*, USDC CDCA case no. SACV 05-0140 DOC (ANx), and *Orozco v. Navarro*, USDC CDCA case no. 2:14-cv-08188-PA-AJW.  In addition, defendant Juan Manuel Navarro has been served with injunctions issued in other cases as the promoter or hirer of other individuals who were enjoined from using the names of musical groups.

29.     In the instant case, plaintiffs allege on information and belief that defendant Juan Manuel Navarro has advertised the musical group that includes defendant Vicente Martinez as "Los Internacionales Caminantes" on more than one occasion.

## LOS INTERNACIONALES CAMINANTES DE BRIGIDO RAMIREZ

30.     In an August 2017 email, defendant Angel Juarez invokes the name of Brigido Ramirez in connection with the "Caminantes" name used for the musical group that defendants promote, claiming that the name of defendant Vicente Martinez's musical group is "Los Internacionales Caminantes de Brigido Ramirez."

31.     Brigido Ramirez is the deceased brother of plaintiff Agustin Ramirez and a former member of plaintiffs' group "Los Caminantes" who renounced his rights in the "Los Caminantes" group and the group name over 25 years ago.

## DEFENDANTS' INFRINGING CONDUCT

32.     Defendants and each of them are involved in the promotion, booking and advertising of the live performances of defendant Vicente Martinez and his musical group using plaintiffs' LOS CAMINANTES mark and variations on the "Caminantes" name.  In each instance, the word "Caminantes" is prominently displayed along with the image of defendant Vicente Martinez.  Other words are added in much smaller lettering, such as "Internacionales" ("International" in English), "de Brigido Ramirez" ("of Brigido Ramirez") or "de Guanajuato para el Mundo" ("from Guanajuato for the World" in English), leaving the word "Caminantes" or phrase "Los Caminantes" as the dominant feature of the mark used in defendants' advertising.

33.     Defendants' acts of infringement have taken place principally in Southern California, but in the months of September and October 2017 are spreading beyond the borders of California to other locations in the United States.

34.     Defendants named herein—i.e., Vicente Martinez, Angel Juarez and Juan Manuel Navarro—know that none of the defendants has any rights in the "Los

Caminantes" name, that plaintiffs are the owners of the musical group "Los Caminantes" and the LOS CAMINANTES mark, and nevertheless traffic defendant Vicente Martinez's group using plaintiffs' registered mark.  Defendants conduct is calculated to mislead consumers into purchasing tickets for a group that has no right to use the "Caminantes" name.  Defendants are engaging in their conduct for the purpose of harming plaintiffs and profiting at plaintiffs' expense both commercially and reputationally.

35.     Plaintiffs allege on information and belief that defendants have scheduled other events both within and outside of California, and that their infringement of plaintiffs' rights and registered mark will continue apace without intervention from this Court.

36.     Unless this Court grants injunctive relief, plaintiffs stand to suffer continued irreparable harm from the actions of defendants.

## FIRST CLAIM FOR RELIEF
## (FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)

37.     Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this complaint.

38.     This claim for relief arises under 15 U.S.C. § 1125(a)(1)(A) and is alleged against all defendants.

39.     Plaintiff Agustin Ramirez is in the senior user and owner of the trade name and mark "Los Caminantes" mark with respect to goods, namely phonorecords, and services, namely live performances of a musical group, and has used the "Caminantes" name in connection with the goods and services of his musical group continuously since at least as early as 1982.

40.     Plaintiffs Agustin Ramirez, Anthony Ramirez and Agustin Ramirez, Jr. are the owners of the "Los Caminantes" name as well as the good will of the business of the "Los Caminantes" musical group with which it is associated, and are

also owners of the registration of the LOS CAMINANTES service mark with the United States Patent and Trademark Office, Reg. No. 4,410,019.

41.     None of the defendants named in this action have any claim of ownership or colorable right to utilize the name "Los Caminantes."

42.     The LOS CAMINANTES mark is an arbitrary mark and is therefore inherently distinctive and entitled to maximum trademark protection.

43.     Plaintiffs' "Los Caminantes" mark is a strong mark that has earned widespread recognition and success in the relevant marketplace, i.e. the Latin music market of the United States, for over thirty (30) years.

44.     The salient portion of plaintiffs' "Los Caminantes" mark, i.e. the term "Caminantes," has been usurped by the defendants as the salient term in the marks they use to advertise the services of the musical group of defendant Vicente Martinez

45.     Defendants in many instances have usurped the well-known logo "Los Caminantes" associated with plaintiffs' group, which defendants use in combination with other terms that appear in miniscule lettering, such as "Internacionales" ("International"), "de Brigido Ramirez" ("of Brigido Ramirez") and "de Guanajuato para el Mundo" ("from Guanajuato for the World").

46.     The salient portion of defendants' adopted mark is identical to plaintiffs' registered LOS CAMINANTES mark.

47.     The channels of trade in which the plaintiffs' musical group "Los Caminantes" markets its goods and services, i.e. the Latin music market of the United States, are identical to the channels of trade in which defendants are conducting their acts of infringement.

48.     The services of plaintiffs' musical group are similar to the services of the musical group of defendant Vicente Martinez, in that both groups perform live entertainment services of a musical group in the Regional Mexican musical marketplace.  However, there the similarity ends; as those fooled into purchasing

tickets to the performances of defendants' musical group learn upon arrival at the venue concerned, defendants' musical group is no "Caminantes."

49.    There is a strong likelihood of confusion arising from defendants' use of plaintiffs' "Los Caminantes" mark in connection with defendants' products and services.  The deception is compounded by the use of the image of defendant Vicente Martinez as plaintiff Agustin Ramirez's look-alike in visual advertising.

50.    Plaintiffs are informed and believe that the actions of defendants described herein have led to instances of actual confusion by promoters and consumers.

51.    Plaintiffs are informed and believe that defendants have engaged in the conduct herein alleged for the purpose of deceiving and confusing the public, and to profit from such deception and confusion.

52.    Plaintiffs allege that members of the consuming public cannot be expected to exercise a great deal of care in distinguishing defendants' musical group from that of plaintiffs when defendants and each of them use plaintiffs' mark in advertising and utilize a look-alike, i.e. defendant Vicente Martinez, in their ads for the performances of defendants' group.

53.    Defendants' actions constitute unfair competition in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54.    The actions of defendants, as alleged herein, will cause, and have already caused, substantial damage to plaintiffs' reputation and mark.

55.    The actions of defendants and each of them as herein alleged were and are intended to cause confusion, have caused confusion, and will continue to cause confusion unless enjoined.

56.    For the violations detailed above, plaintiffs are entitled to recover defendant's profits, any damages sustained by plaintiffs and plaintiff's costs, and to seek an award of reasonable attorney's fees.   15 U.S.C. § 1117(a).

57.    Plaintiffs are entitled to treble damages as well as any further damage

award that the court shall find to be just under the circumstances.  15 U.S.C. § 1117(a).

58.     Plaintiffs are informed and believe that the acts of defendants complained of herein were undertaken willfully and with the intention of causing confusion, mistake or deception.

59.     Monetary relief alone is not adequate to address fully the irreparable injury that defendants' unlawful actions have caused and will continue to cause plaintiffs if defendants' conduct is not enjoined.  Plaintiffs therefore are also entitled to preliminary and permanent injunctive relief to stop defendants' ongoing acts of unfair competition.  15 U.S.C. § 1116(a).

## SECOND CLAIM FOR RELIEF
## (COMMERCIAL DISPARAGEMENT, AGAINST ALL DEFENDANTS)

60.     Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this complaint.

61.     This claim for relief arises under 15 U.S.C. § 1125(a)(1)(B) and is alleged against all defendants.

62.     Defendants and each of them have made false statements in the advertisements for the services of defendant Vicente Martinez's musical group concerning the nature, characteristics and qualities of defendant Vicente Martinez's group and services, causing it to appear that defendant Vicente Martinez's group is plaintiffs' group "Los Caminantes" or otherwise connected with plaintiffs' musical group either at the present time or historically.s

63.     The advertisements by defendants and each of them, as described above, have actually deceived or have the tendency to deceive a substantial segment of the audience for the services of plaintiffs' musical group "Los Caminantes."

64.     The deception by defendants and each of them, as alleged above, is material in that it is likely to influence the purchasing decision of consumers and fans of the music of plaintiffs' musical group.

65.     The defendants and each of them caused the false advertising, and the services they falsely advertised, to enter commerce through the Internet and social media.  Plaintiffs allege on information and belief that radio and television advertising has also been used.

66.     Plaintiffs have been or are likely to be injured as a result of the conduct of defendants and each of them, as alleged herein, by direct diversion of sales from plaintiffs' musical group to defendant Vicente Martinez's musical group and to the other defendants as well as by the lessening of the goodwill which plaintiffs' services enjoy with the relevant audience.

67.     By engaging in the actions complained of above, defendants and each of them willfully intend to trade on plaintiffs' trade name, mark and reputation.

68.     For the violations detailed above, plaintiffs are entitled to recover defendants' profits, any damages sustained by plaintiffs, and plaintiffs' costs, and to seek an award of reasonable attorney's fees.   15 U.S.C. § 1117(a).

69.     Plaintiffs are further entitled to treble damages as well as any further damage award that the court shall find to be just under the circumstances.  15 U.S.C. § 1117(a).

70.     Plaintiffs are informed and believe that the acts of defendants complained of herein were undertaken willfully and with the intention of causing confusion, mistake or deception.

71.     Monetary relief alone is not adequate to address fully the irreparable injury that defendants' illegal actions have caused and will continue to cause plaintiffs if defendants' actions are not enjoined.  Plaintiffs therefore are also entitled to preliminary and permanent injunctive relief to stop defendants' ongoing acts of unfair competition.  15 U.S.C. § 1116(a).

## THIRD CLAIM FOR RELIEF

## (COUNTERFEITING AND COPYING OF A FEDERALLY REGISTERED TRADEMARK, AGAINST ALL DEFENDANTS)

72.     Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this complaint.

73.     This claim for relief arises under 15 U.S.C. § 1114(1)(a).

74.     Plaintiffs are the owners of the registration of the LOS CAMINANTES word mark with the United States Patent and Trademark Office ("USPTO") in International Class 41 for entertainment in the nature of live performances by a musical band, Reg. No. 4, 410,019.  Plaintiffs' registration remains in full force and effect.

75.     Defendants and each of them have used a reproduction, counterfeit, copy or colorable imitation of plaintiff's registered LOS CAMINANTES mark in connection with the sale, offering for sale, distribution and/or advertising of the services of defendant Vicente Martinez and his musical group in connection with which such use is likely to cause confusion, or to cause mistake or to deceive.

76.     The "Los Caminantes" mark used by defendants and each of them as herein alleged, is substantially indistinguishable from plaintiffs' registered LOS CAMINANTES word mark.

77.     Plaintiffs are entitled to injunctive relief to prevent the violation of their rights as registrants of the above-referenced mark.  15 U.S.C. § 1116(a).

78.     For the violations detailed above, and any others shown hereafter, plaintiffs are entitled to recover defendants' profits, any damages sustained by plaintiffs and plaintiffs' costs.  15 U.S.C. § 1117(a).  In addition, plaintiffs are entitled to recover treble damages and attorney's fees against defendants and each of them for defendants' use of a counterfeit mark.  15 U.S.C. § 1117(b).  In the alternative, Plaintiffs are entitled to elect statutory damages against each of the defendants for the violations described herein in an amount not less than $1,000 or

more than $200,000 per type of goods or services sold, offered for sale or distributed. 15 U.S.C. § 1117(c).

79.     Plaintiffs are informed and believe that the actions of defendants were and are willful.  Plaintiffs are entitled to recover statutory damages for willful violations in an amount up to, but not exceeding, $2,000,000 (two million dollars) pursuant to 15 U.S.C. § 1117(c).

80.     Plaintiffs allege on information and belief that unless restrained by this Court, defendants will continue to infringe plaintiffs' registered LOS CAMINANTES service mark and trade name, thus engendering a multiplicity of judicial proceedings, and pecuniary compensation will not afford plaintiffs adequate relief for the damage to their trade name and mark in the public perception.

## FOURTH CLAIM FOR RELIEF
## (STATE TRADEMARK INFRINGEMENT)

81.     Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this complaint.

82.     Defendants' acts complained of herein constitute trademark infringement under the common law of California.

83.     Defendants' conduct as alleged above has damaged and will continue to damage plaintiffs' goodwill and reputation and has resulted in a loss of revenue to plaintiffs in an amount to be determined.

84.     Defendants' acts complained of herein constitute malice, oppression and/or fraud, thus entitling plaintiffs to recover punitive damages.

## FIFTH CLAIM FOR RELIEF
## (UNFAIR COMPETITION—CAL. BUS. & PROF. CODE § 17200 *ET SEQ.*)

85.     Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this complaint.

86.     The acts and conduct of defendants as alleged above in this

COMPLAINT

Complaint constitute unlawful, unfair, and/or fraudulent business acts or practices as defined by California Bus. & Prof. Code § 17200 *et seq.*

87.    Defendants' violation of federal law [15 U.S.C. § 1114 *et seq.* and 15 U.S.C. § 1125] and state common law, as alleged in this Complaint, constitutes an unlawful business practice.

88.    Defendants' acts of unfair competition have proximately caused and will continue to cause plaintiffs to suffer injury in fact and loss of money and/or property in an amount to be proven at trial.  Defendants' acts of unfair competition also have caused and are causing irreparable and incalculable injury to plaintiffs and to plaintiffs' LOS CAMINANTES mark and trade name and to the business and goodwill represented thereby, and unless enjoined, will cause further irreparable and incalculable injury, for which plaintiffs have no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

## (FALSE ADVERTISING – CAL. BUS. & PROF. CODE § 17500 *ET SEQ.*)

89.    Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this complaint.

90.    Plaintiffs allege based upon information and belief that in engaging the acts described above defendants have acted and continue to act, directly or indirectly, with the intent to sell, offer and/or induce the public to purchase and/or use and/or disseminate and/or cause to be disseminated before the public, by way of signs, newspaper, other publications or other advertising media, statements concerning defendants' goods and services which are untrue and/or misleading, and which defendants know are untrue and/or misleading.

91.    By the aforesaid acts, defendants have engaged in and are engaging in false advertising in violation of California Business & Professions Code § 17500 *et seq.*, resulting in injury in fact and loss of money and/or property by plaintiffs in an amount to be proven at trial.

92.     If defendants are permitted to proceed with the acts as aforesaid, plaintiffs will continue to be irreparably injured by reason of defendants' false advertising.

93.     If defendants are permitted to proceed to practice the aforesaid acts of false designation of origin and false description on the public, plaintiffs will sustain serious and irreparable injury.  Defendants have proceeded and are proceeding with the aforesaid acts deliberately and willfully.  Unless preliminarily and permanently enjoined by this Court, plaintiffs are informed and believe and therefore allege that there is a substantial possibility and threat of ongoing false advertisement by defendants for which plaintiffs are without an adequate remedy at law.

94.     In addition, defendants' acts, if allowed to proceed and continue, will cause sales of plaintiffs' goods and services to be lost or substantially diminished in value, and may require plaintiffs to prepare and publish corrective advertising to ameliorate confusion caused by defendants' actions, all to plaintiffs' damage in an as yet unascertained amount.  Plaintiffs are informed and believe, and therefore allege, that defendants' acts may also result in substantial profits to defendants, to which defendants are not entitled.

## SEVENTH CLAIM FOR RELIEF
## (INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE)

95.     Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this complaint.

96.     This claim for relief arises under the common law of the State of California and is alleged against all defendants.

97.     Plaintiffs enjoyed economic relations with more than one of the venues with whom defendants have booked the musical group of Vicente Martinez, in that plaintiffs' group "Los Caminantes" had been booked and advertised at those venues previously.

98.     Defendants and each of them knew of plaintiffs' relationship with the venues concerned since the prior performances of plaintiffs' group had been advertised at those venues.  Defendants as well knew of the existence of plaintiffs' musical group "Los Caminantes" and that plaintiffs' group toured throughout the United States and Mexico.

99.     Defendants and each of them engaged in the intentional acts described herein for the purpose of disrupting the relationship between plaintiffs and the venues concerned, knowing that their actions described herein were substantially likely to result in interference with plaintiffs' economic relationship with those venues.

100.     As a result of the actions of defendants and each of them described herein, the relationship between plaintiffs and the relevant venues described herein was disrupted.

101.     Plaintiffs have been damaged by the tortious interference by defendants and each of them with plaintiff's economic relations in an amount to be determined.

102.     The aforementioned acts of defendants were and are willful, oppressive and malicious.  Plaintiffs therefore should be awarded punitive damages in an amount to be alleged by amendment to this complaint.

## EIGHTH CLAIM FOR RELIEF
### (ACCOUNTING)

103.     Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this complaint.

104.     This claim for relief arises under the common law of the State of California and is alleged against all defendants.

105.     Defendants are in possession of information relating to monies paid to defendants from their misleading and deceptive practices described herein, which constitute the misappropriation of monies from plaintiffs.  The books, accounts,

records, ledgers, etc. which will provide this information are in the possession of defendants and each of them.  The amount of damages, profits and interest owing to plaintiffs from defendants cannot be ascertained without an accounting by defendants and each of them.

106.     Defendants and each of them have also benefited economically from the usurpation of plaintiffs' trade name and mark without accounting to plaintiffs for the income and profits realized by defendants and each of them as a result of such activities.

107.     Plaintiffs hereby demand, and are entitled to, an accounting of all monies received by defendants and each of them from their use of plaintiffs' mark and trade name.

## NINTH CLAIM FOR RELIEF
## (TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF)

108.     Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this complaint.

109.     The continuing wrongful acts of defendants herein have harmed and continue to harm the interest of plaintiffs in the use of the name and mark "Los Caminantes."  If this court does not issue a temporary, preliminary and permanent injunction against defendants and each of them prohibiting the use of the name "Los Caminantes" and other confusingly similar terms, including without limitation "Caminantes," "Los Internacionales Caminantes," "Los Internacionales Caminantes de Brigido Ramirez" and "Los Internacionales Caminantes de Guanajuato para el Mundo" in connection with the goods and services of defendants' musical group, plaintiffs will suffer irreparable harm for which there is no adequate remedy at law.

## PRAYER

WHEREFORE, plaintiffs pray for relief as follows:

1.     For an order requiring defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of this action;

2.     For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendants and each of them and their agents, servants, employees and co-venturers, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from engaging in or performing any of the following acts:

(a)  using the LOS CAMINANTES mark or trade name alone or in combination with any other words or symbols, including without limitation "Los Caminantes," "Los Internacionales Caminantes," "Los Internacionales Caminantes de Brigido Ramirez," and "Los Internacionales Caminantes de Guanajuato para el Mundo," or any other term which includes the term "Caminantes," which resemble plaintiffs' mark and as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale, or sale of any product or service which is not plaintiffs' or not authorized by plaintiffs to be sold in connection with each of said marks and name;

(b)  contacting promoters, advertisers or other businesses for the purpose of offering the services of defendants as "Los Caminantes" or any confusingly similar or colorable imitation of the "Los Caminantes" name, including without limitation "Los Caminantes," "Los Internacionales Caminantes," "Los Internacionales Caminantes de Brigido Ramirez," and "Los Internacionales Caminantes de Guanajuato para el Mundo," or any other term which includes the term "Caminantes";

(c)  using any trademark, trade name, logo, business name or other identifier or acting in any fashion which may be calculated to falsely represent that the goods and services provided, promoted or offered by defendants are sponsored by,

authorized by, licensed by, or in any other way associated with plaintiffs' musical group "Los Caminantes";

(d)  engaging in any other activity constituting an infringement of plaintiffs' mark or trade name or of plaintiffs' rights in, or right to use or to exploit said mark or trade name;

(e)  doing or causing to be done any further acts in violation of California Business and Professions Code § 17500 *et seq.*; and

(f)  assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

3.      For an order requiring defendants to deliver up and destroy all promotional literature, advertising, tickets, goods and other material bearing the infringing, diluting or injurious designations, and further requiring defendants to remove from the internet and social media accounts, webpages and postings plaintiffs' "Los Caminantes" mark, or any other term that uses the term "Caminantes" as part of the name of a musical group, including without limitation "Los Internacionales Caminantes," "Los Internacionales Caminantes de Brigido Ramirez," and "Los Internacionales Caminantes de Guanajuato para el Mundo";

4.      For defendants' profits in an amount according to proof.

5.      For actual damages in an amount according to proof.

6.      For three times the amount of plaintiffs' actual damages suffered by reason of defendants' infringement of plaintiffs' mark and trade name.

7.      For three times the amount of defendants' profits derived from infringement of plaintiff's mark and trade name.

8.      For statutory damages in an amount not less than $1,000 nor greater than $200,000 per type of goods or services sold, with respect to the infringement of plaintiffs' registered mark.

COMPLAINT

9.      If the Court finds that the infringements of plaintiffs' registered mark is willful, for statutory damages in an amount not less than $1,000 nor greater than $2,000,000 per type of goods or services sold.

10.      For punitive damages in an amount to be proved at trial.

11.      For prejudgment interest.

12.      For an accounting of all monies received by defendants from their activities in connection with the use of the name "Los Caminantes" and any other musical group name that includes the word "Caminantes."

13.      For costs of suit.

14.      For reasonable attorneys' fees.

15.      For such other relief as the court may deem appropriate.

Dated:  October 25, 2017

/s/Steven J. Eyre
Steven J. Eyre
Attorney for plaintiffs


## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial of this action by a jury.

Dated:  October 25, 2017

/s/Steven J. Eyre
Steven J. Eyre
Attorney for plaintiffs

COMPLAINT